IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED _____ ENTERED
LODGED _____ RECEIVED

FEB 2 8 2014

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEP

OMAR VASQUEZ    083
Reg. No. 70327-037                    :

                                      :

v.                                    :    Civil Action No. DKC 10-3228
                                           Criminal No. DKC 05-393
                                      :

UNITED STATES OF AMERICA              :

## MEMORANDUM OPINION

Presently pending and ready for review is a motion filed by *pro se* Petitioner Omar Vasquez to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. (ECF No. 1685). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Petitioner's motion will be denied.

## I.    Background

Petitioner was charged with others in a thirty-two count superseding indictment. He was charged with conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (Count One); conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count Twenty-One); and conspiracy to commit assaults with deadly weapons, in violation of 18 U.S.C. § 1959 (a)(6) (Count Thirty-Two). (ECF No. 274). On April 26, 2007, following a twenty-eight day jury trial, Petitioner was found guilty of conspiracy


1841

to participate in a racketeering enterprise and conspiracy to commit murder in aid of racketeering. (ECF No. 677).[1] On September 24, 2007, Petitioner was sentenced to life imprisonment on Count One and a concurrent term of 120 months imprisonment on Count 21. (ECF No. 817). Petitioner appealed to the United States Court of Appeals for the Fourth Circuit the same day. (ECF No. 818). Petitioner raised multiple errors; three are relevant for this motion: (1) the district court abused its discretion and violated Petitioner's Sixth Amendment rights by preventing Petitioner from learning the identity of two key government witnesses; (2) multiple discovery rulings violated Petitioner's Due Process rights; and (3) the district court abused its discretion in denying Petitioner's motion for severance and motion for mistrial. The appeal was argued on May 14, 2009 and the conviction was affirmed on July 7, 2009. The Fourth Circuit found that the district court did not commit error. *United States v. Zelaya*, 336 F.App'x 355 (4th Cir. 2009), *cert. denied*, 559 U.S. 1049 (2010).[2]

On November 10, 2010, Petitioner filed a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. (ECF

---

[1] Count Thirty-Two — conspiracy to commit assaults with deadly weapons — was dismissed during the trial.

[2] The different party name is owing to the fact that Petitioner was tried with two other defendants. They all appealed their convictions together.

No. 1685). The government was directed to respond to the motion and did so on April 25, 2011. (ECF No. 1716).[3]

## II. Standard of Review

To be eligible for relief under 28 U.S.C. § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). A *pro se* movant, such as Petitioner, is entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke,* 574 F.2d 1147, 1151-53 (4th Cir. 1978). But if the section 2255 motion, along with the files and records of the case, "conclusively show[s] that the prisoner is entitled to no relief," the claims raised in the motion may be summarily denied. *See* 28 U.S.C. § 2255(b).

---

[3] As part of his section 2255 motion, Petitioner requested the appointment of counsel. That request will be construed as a motion for appointment of counsel and will be denied because he has not demonstrated that his petition involves exceptional circumstances such that the appointment of counsel is warranted. *See Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975) ("[I]t is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases."). Here, neither discovery nor a hearing is necessary. *See* Rules Governing Section 2255 Proceedings for the United States District Courts R. 6(a), 8(c) (2010) (counsel should be appointment when a hearing or discovery is required).

## III. Analysis

Petitioner argues that his motion should be granted because the trial court committed the following errors: (1) denying Petitioner's motion for severance and mistrial; (2) ignoring Petitioner's discovery complaints; (3) granting the Government's request to allow witnesses to testify under pseudonyms and not reveal their true identities; and (4) denying Petitioner's motion for a new trial after it allowed evidence regarding the alleged rape of two juveniles by a co-defendant. Additionally, Petitioner argues that the government engaged in prosecutorial misconduct which prevented his counsel from presenting a complete, meaningful, and competent defense.

Petitioner's arguments concerning the alleged errors committed by the trial court will be rejected as these arguments were considered and rejected on Petitioner's direct appeal to the Fourth Circuit in 2009. *See Zelaya*, 336 F.App'x at 357-59 ("Our review of the appellate briefs and sealed affidavits, as well as the sealed transcripts . . . persuade us that the district court did not abuse its discretion in preventing the defendants from learning the true identity of the two El Salvadorian government witnesses. . . . The defendants also raise several other district court errors allegedly committed at trial, including . . . whether the defendants' discovery complaints violated their due process rights; [and] whether the

4

district court abused its discretion in denying . . . Vasquez's motion for severance and motion for mistrial. . . . We have carefully reviewed the record, briefs, applicable law, and oral arguments of the parties, and are persuaded that the district court did not commit error regarding these issues."). Accordingly, Petitioner may not relitigate these issues through a Section 2255 motion absent a intervening change in the relevant law. *See United States v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004) (concluding that Section 2255 petitioners could not "relitigate issues previously rejected on direct appeal" where they had "not pointed to any change in the law that warrant[ed] . . . reconsideration" (*citing Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976))). Petitioner has pointed to no such intervening change and independent research has not revealed any change. *See United States v. Lawson*, 677 F.3d 629, 639 (4th Cir. 2012) (a district court's decision to deny a motion for separate trials will be overturned only for "clear abuse of discretion," *i.e.*, where denial of the motion "deprives the defendant of a fair trial and results in a miscarriage of justice." (*quoting United States v. Chorman*, 910 F.2d 102, 114 (4th Cir. 1990)); *United States v. Ramos-Cruz*, 667 F.3d 487, 500 (4th Cir. 2012) (the right to question an adverse witness about identifying information is not absolute; a trial

5

court may limit cross-examination if the information sought could endanger the witness).

Petitioner also argues that the government engaged in prosecutorial misconduct. He does not identify specifically any misconduct, leading to the inference that he views the various alleged errors identified above as instances of misconduct, such as the government's tactical decision to put on evidence of alleged rape and have two witnesses testify in pseudonym. (*See* ECF No. 1685, at 1 ("In that the district court's cumulative errors in this case were compounded by prosecutorial misconduct, misconduct that forced and caused petitioner's lawyer to present an incomplete and incompetent defense, thereby denying Petitioner's rights to a fair and impartial trial.")). To the extent that Petitioner's prosecutorial misconduct claim relies on the alleged wrongs discussed above, his claim is not proper on a Section 2255 motion as the Fourth Circuit considered these arguments and found no error with the trial court's decisions. Alternatively, the claim is procedurally barred because it was *not* raised on direct appeal, when it could and should have been. "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (quotation marks

omitted).   Petitioner makes no such showing and therefore his claim is procedurally barred.

In any event, Petitioner's claim also fails on its merits. "[T]he test for reversible prosecutorial misconduct generally has two components: that (1) the prosecutor's remarks or conduct must in fact have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." *United States v. Chorman*, 910 F.2d 102, 103 (4th Cir. 1990).   In this case, there is no evidence of either improper conduct by the government or any adverse impact on Mr. Vazquez's substantial rights.   *See Roane*, 378 F.3d at 401 (holding that conclusory allegations of prosecutorial misconduct do not warrant an evidentiary hearing or form a basis for relief).

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner.   A certificate of appealability is a "jurisdictional prerequisite" to an appeal "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   Where the court denies a petitioner's motion on its merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims

debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review of the record, the court finds that Petitioner does not satisfy the above standard. Accordingly, it will decline to issue a certificate of appealability on the issues which have been resolved against Petitioner.

## IV. Conclusion

For the foregoing reasons, Petitioner's motion will be denied. A separate order will follow.

DEBORAH K. CHASANOW
United States District Judge